### 12866.  McClain *v.* Dacus.

BLOODWORTH, J.  The court did not err in striking the plea filed by the defendant, nor in thereafter directing a verdict for the plaintiff for the full amount sued for.

> *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
>
> DECIDED MARCH 7, 1922.

Complaint; from Gordon superior court — Judge Tarver. August 22, 1921.

The action was by W. M. Dacus against D. C. McClain on a promissory note given by the defendant to the plaintiff. The petition alleged, that the note was for purchase-money due on a certain tract of land which the plaintiff bought from Mrs. Harris, taking from her a bond for title to the land, and that upon the execution of the note the plaintiff transferred and delivered to the defendant the bond for title mentioned. The defendant in his answer admitted these allegations but denied indebtedness to the plaintiff, and pleaded as follows: (Paragraph 4)  When the bond for title was transferred to the defendant it was agreed that the plaintiff would execute to him good and sufficient titles to enable him to secure a loan from the Federal Land Bank, and would accept as a credit on the said note the money borrowed on the land, and would carry the balance due thereon. (Paragraph 5) The defendant applied to the Federal Land Bank for a loan, but the plaintiff never executed and delivered to the defendant the deed that he had contracted to make so as to enable the defendant to secure the loan, and the defendant was unable, because of conditions beyond his control, to secure a loan from the Federal Land Bank. (Paragraph 6) It was understood, contracted, and agreed between the plaintiff and the defendant that if the loan was not secured from the Federal Land Bank, the plaintiff was to take the land back, the contract between

them was to be cancelled, and the plaintiff was to return the notes; and the defendant has offered and still offers to surrender the land and cancel the trade, and is entitled to have his notes returned to him. (Paragraph 7) The defendant attaches as an exhibit the said bond for title, with the transfer thereon, and alleges that under the terms of the transfer, the plaintiff having failed to execute the deed and the defendant being unable to secure the loan, the contract between them is of no effect and at an end; and defendant prays that it be so declared.— The writing on the back of the bond for title is of the same date as the note sued on, and bears the signatures of the plaintiff and the defendant. It says: " For a good and valuable consideration I transfer, sell, and assign the within bond for title to D. C. McLain. It is stipulated and agreed that I execute to W. M. Dacus my note for $3250.00, bearing interest at 5½ per cent. per annum, due Jan. 1, 1921, it being agreed that W. M. Dacus will execute good and sufficient title to enable me to procure a loan from the Federal Land Bank of Columbia and accept said loan, giving credit therefor on said note, and said Dacus agrees to carry such balance in two equal notes falling due Jan. 1, 1921, and Jan. 1, 1922." The note sued on corresponds to the description of the note first mentioned in this agreement.

The demurrer is on the following grounds: No defense is set out in the plea. Paragraph 5 is demurred to on the ground that it is not alleged that the defendant ever requested the plaintiff to execute a deed to the land, or that the defendant's not having the deed hindered him from procuring the loan, or that the execution of the deed would have enabled him to procure the loan; the statement that he was unable, because of conditions beyond his control, to secure the loan, is a mere conclusion of the pleader, not based on facts authorizing it; and it is not shown that the plaintiff contributed to such conditions, and said statement sets up no sufficient cause for failure to pay the note. Paragraph 6 is demurred to because it appears that the understanding, contract, and agreement there mentioned was not reduced to writing or signed by the plaintiff or by any person authorized by him, within the meaning of the statute of frauds (Civil Code, § 3222 et seq.), and it appears from the defendant's answer that the contract between him and the plaintiff was reduced to writing and signed by the

parties, and the allegations in paragraph 6 seek to add to and vary the terms of said written agreement.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*J. G. B. Erwin Jr.,* contra.